IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON ETHIOPIAN COMMUNITY          )        Civil No. 06-109-JE
ORGANIZATION, an Oregon             )
nonprofit corporation,              )
                                    )
                  Plaintiff,        )        FINDINGS AND
                                    )        RECOMMENDATION
            v.                      )
                                    )
SHIMELES GESSESSE, an individual,   )
OREGON ABYSSINIA SOCCER CLUB        )
CORP., an Oregon corporation, and   )
ABYSSINIA SOCCER CLUB OF OREGON,    )
an Oregon DBA,                      )
                                    )
                  Defendants.       )
                                    )
            v.                      )
                                    )
SHIMELES GESSESSE, an individual,   )
OREGON ABYSSINIA SOCCER CLUB CORP.,)
an Oregon corporation, and          )
ABYSSINIA SOCCER CLUB OF OREGON,    )
an Oregon DBA,                      )
                                    )
                  Third-Party       )
                  Plaintiffs,       )
                                    )
ABRAHAM DEMISSIE, an individual,    )
and ABERASH ASSEFA, an individual, )
TESFAYE ELEME, an individual,       )
FEJISO KABETO, an individual,       )
BERHANU TESSEMA, an individual,     )
YARED MENGESHA, an individual,      )
and DOES 1-20,                      )
                                    )
                  Third-Party       )
                  Defendants.       )
_____)

FINDINGS AND RECOMMENDATION - 1

Ronald H. Elzinga
Elzinga & Associates LLC
888 Jeffrey Center
1020 SW Taylor Street
Portland, OR 97205
        Attorney for Plaintiff

Julie R. Vacura
William L. Larkins, Jr.
Larkins Vacura, LLP
808 S.W. Third Avenue, Suite 540
Portland, OR 97204
        Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Oregon Ethiopian Community Organization (OECO) brings this action alleging that defendants Shimeles Gessesse, Oregon Abyssinia Soccer Club Corp. (OASC), and Abyssinia Soccer Club of Oregon violated its common law trade protection rights and infringed its service mark in violation of Oregon law. Defendants move for summary judgment, and move to strike the affidavit of Tesfaye Aleme, filed in support of plaintiff's opposition to the motion for summary judgment. In the alternative, defendants seek leave to take Aleme's deposition.

I deny defendants' motion to strike Aleme's deposition, deny defendants' alternative motion to take Aleme's deposition, and recommend granting defendants' motion for summary judgment.


## FACTUAL BACKGROUND

Abraham Demissie is president and chairman of the board of plaintiff OECO.

FINDINGS AND RECOMMENDATION - 2

Since 1990, defendant Gessesse has continually coached a team called "Abyssinia Soccer Club."  This team was formed sometime around 1987.

The Ethiopian Soccer Federation of North America (the Federation) is a non-profit organization that was organized to host soccer tournaments featuring Ethiopian soccer teams from North America.  The Federation's members are Ethiopian soccer clubs.  The Federation holds an annual meeting for its members in January, and hosts annual soccer tournaments.

The Abyssinia Soccer Club team that defendant Gessesse coaches has been a member of the Federation since 1989, and has held a seat at the Federation's annual meetings since that time.  Since at least 1990, defendant Gessesse has taken the Abyssinia Soccer Club team that he coaches to the Federation's annual soccer tournament, and has acted as that club's representative at the annual meetings.

Defendant Gessesse has used his own funds to pay for team expenses and the annual meetings since at least 1993.  In addition, he rents indoor space for team practices during the winter.

Defendant Gessesse registered the Abyssinia Soccer Club, Inc., with the Oregon Secretary of State as a corporation on December 27, 1993.  He is listed as the "incorporator" on the articles of incorporation submitted to the Secretary of State.

On April 13, 1994, plaintiff OECO registered the name "Abyssinia Soccer Club" with the Oregon Secretary of State as a trade/service mark.  The application for the trade/service mark indicated that the mark would be used on "letters, T-shirts, signs, [and] socks."  In the blank provided for an explanation of the "goods or services" with which the mark was to be used, the applicant typed "Teach Soccer and conduct Soccer games." The application also indicated that plaintiff had first used the mark in March, 1989.

In a letter to the Federation dated April 14, 1994, an attorney representing plaintiff OECO stated that plaintiff operated a soccer club under the name "Abyssinia Soccer Club," and that a controversy existed "over the representation of the Abyssinia Soccer Club between [plaintiff] and Mr. Shimeles Gessesse."  The letter stated that plaintiff owned the service mark registration for the name "Abyssinia Soccer Club,"and that the application for registration "recites that it has used the Mark 'Abyssinia Soccer Club' since March 15, 1989."  The letter added that plaintiff had "not authorized Mr. Gessesse to represent it with the Ethiopian Sports Federation in North America nor to use the Service Mark 'Abyssinia Soccer Club.' "

Plaintiff sent a similar letter, dated April 23, 1994, to the Federation.  The letter stated that defendant Gessesse had been plaintiff's president from 1988-1992, but had refused to "hand over the Official documents and properties that belong

FINDINGS AND RECOMMENDATION - 4

to [plaintiff] to the elected Officials" after he was replaced.
The letter added that defendant Gessesse "also claimed that he
owns the Abyssinian Soccer Club which is part and parcel of
[plaintiff,]" but that he had "no official say on behalf of
[plaintiff] nor on the Abyssinian Soccer Club in any form or
manner."

In a letter dated April 14, 1994, an attorney representing
plaintiff told defendant Gessesse that he was infringing
plaintiff's trade/service mark, and that plaintiff would take
"formal legal action" against him if he used "the Abyssinia
Soccer Club Service Mark in letters, t-shirts, signs and socks"
or used it "to promote the teaching of Soccer or the conducting
of Soccer games . . . ."  The letter added that plaintiff might
take legal action "under its common law rights or as permitted
by the statutes under its registered service mark."

Though plaintiff knew that defendants had been using the
name "Abyssinia Soccer Club" since at least 1992 or 1993, it
did not bring any legal action against defendants in 1994.
Plaintiff fielded a soccer team that played in Portland city
league games in 1994, but did not send a team to the Federation
tournament.  Though plaintiff had a soccer team in 1995, it did
not send a team to the Federation tournament that year.
Plaintiff's current president, Abraham Demissie, cannot recall
whether plaintiff's team played in any leagues that year.

According to Demissie's deposition testimony, the last time that plaintiff is aware that its soccer team wore shirts bearing the name "Abyssinia" was the 1994-1995 season. Demissie also testified that he did not know whether plaintiff had a soccer team or soccer coach from 1996 through 2003, and that he did not know whether any of plaintiff's representatives ever told defendant Gessesse to stop using the name "Abyssinia Soccer Club" between 1995 and the filing of the present action in January 2006.

Plaintiff did not renew its trade name registration for the name "Abyssinia Soccer Club" when the registration expired in 1999.  In 2003, acting on behalf of plaintiff, Demissie registered the trade/service mark for "Abyssinia Soccer Club" with the Oregon Secretary of State.  This mark was given a new registration number, which differed from the earlier registration.  When Demissie registered the mark in 2003, he knew that defendant Gessesse was using the name "Abyssinia Soccer Club" for the team that he coached.  Demissie testified that plaintiff did not tell defendant Gessesse to stop using the name "Abyssinia Soccer Club" when it registered the trade name in 2003 because "it didn't bother us."

At the time that Demissie registered the name "Abyssinia Soccer Club" for plaintiff, plaintiff was not using that name on shirts, socks, or signs, though the registration application stated that it was using the mark on those items.  Plaintiff

did not use any "Abyssinia Soccer Club" letterhead, t-shirts, signs, or socks between 1995 and 2003, and has not used the name "Abyssinia" on t-shirts since registering the name in 2003.

In a letter to the Federation dated October 31, 2003, plaintiff stated that it was reorganizing the "Portland Ethiopian Community Soccer Team," which it also referred to as the "Portland Community Soccer Team."  It did not refer to its team as the "Abyssinia Soccer Club."  Plaintiff's soccer team did not play in the Federation's annual tournament in 2003, and plaintiff has not applied for membership in the Federation since 2003.

On January 27, 2004, Demissie registered a non-profit corporation named "Portland-Abyssinia Soccer Club" with the Oregon Secretary of State.  Demissie has testified that he took this action to prevent defendants from using that name in "Federation participation."  On March 3, 2004, Demissie registered a non-profit corporation named "Abyssinia Soccer Club, Portland" with the Oregon Secretary of State.  Demissie has testified that he also registered this name to prevent defendants from using it.

In a letter to the Federation's business manager dated June 7, 2004, counsel for plaintiff stated that plaintiff would send the "Portland Abyssinia Soccer Club" to the Federation tournament scheduled for June 26 through July 4 in Seattle,

Washington.  The letter stated that defendant Gessesse "formerly sent a soccer team to the soccer tournament purportedly on behalf of the Oregon Ethiopian Community Organization."  In the letter, counsel stated that defendant Gessesse should not be allowed to participate in the Federation's soccer tournament either as an individual or as a representative of plaintiff and Portland Abyssinia Soccer Club. Counsel added that his law firm had been retained to take legal action against the Federation if defendant Gessesse was allowed to participate in the tournament.  Demissie has testified that no legal action was taken at that time because plaintiff lacked the funds needed to do so.

Demissie has testified that plaintiff knew that defendants continued to use the name "Abyssinia Soccer Club" from 1994 through 2003, and that plaintiff considered the use of this name as an infringement on its service mark.

Plaintiff filed the present action on January 26, 2006. Plaintiff's primary goals in bringing this action are obtaining a seat at the Federation and fielding a soccer team at the Federation's annual tournaments.

Defendant Gessesse has testified that he pays the expenses for his team out of his personal funds, and that these expenses total approximately $12,000 to $15,000 per year.  Defendant Gessesse receives some reimbursement for team expenses from the Federation.  Defendants have fielded a team, coached by

FINDINGS AND RECOMMENDATION - 8

Gessesse, at the Federation's annual tournament every year since 1994.  Plaintiff contends that it is entitled to the tournament slot currently filled by defendants' team.

## PLAINTIFF'S CLAIMS

In its first amended complaint, plaintiff alleges that it has owned an Oregon registered service mark for the name "Abyssinia Soccer Club" since 2003, that it has regularly and continuously used this name in commerce since that time, and "has developed a reputation for providing high quality soccer club community services."  Plaintiff alleges that it has "extensively used, advertised, and promoted the name Abyssinia Soccer Club, and other nonprofit corporations and community organizations recognize services provided under the name Abyssinia Soccer Club as coming from or through Plaintiff."

Plaintiff alleges that defendant Gessesse recently organized, and is actively engaged in, a soccer club under the names "Oregon Abyssinia Soccer Club Corp. and Abyssinia Soccer Club of Oregon," and that Gessesse "is offering services and competing for soccer tournament slots provided by Plaintiff." It adds that defendants' conduct is likely to cause confusion or to deceive others as to the source of certain services, the identity of the entity providing the services, plaintiff's authorization of the services, or of defendants' affiliation with plaintiff.

Plaintiff brings two claims.  The first claim alleges that plaintiff has established common law rights to the service mark "Abyssinia Soccer Club" and variations of that mark, and that defendants have infringed and are infringing those common law rights.  During oral argument concerning defendants' motion for summary judgment, plaintiff clarified that the common law claim is based upon Oregon, not federal, law.

Plaintiff's second claim alleges that defendants have infringed and are infringing plaintiff's registered service mark in violation of Or. Rev. Stat. § 647.095, which provides the holder of a registered service mark may bring a cause of action for infringement.  Plaintiff seeks monetary damages and an injunction prohibiting defendants' use of the name "Abyssinia Soccer Club" or any similar name for commercial or nonprofit reasons, and requiring defendants to cancel their participation with the Federation.

## DISCUSSION

I. <u>Defendants' motion to strike affidavit of Tesfaye Aleme</u>

Plaintiff supports its opposition to defendants' motion for summary judgment, in part, with the affidavit of Tesfaye Aleme.  In that affidavit, Aleme states that defendant Gessesse "stole" plaintiff's team and its name "around 1994 and, with it, stole our place in the Ethiopian Sports Federation of North America."  Aleme states that he was plaintiff's Secretary from

FINDINGS AND RECOMMENDATION - 10

1996 through 2000, and that, in that position, he was "assigned the job to pursue all available means to get our name back from Mr. Gessesse and our place in the Ethiopian Sports Federation which we're the rightful owners of." Aleme adds that he told Gessesse in 1994 that Gessesse did not have the right to use the name "Abyssinia Soccer Club" for his own personal use, and told him at least yearly since that time to concede that he had stolen the name and to stop using the name. Aleme states that, though plaintiff lacked the resources to litigate this matter earlier, he told the Federation "by letter and phone that Mr. Gessesse was not the representative of our team and that he had taken our organizations's team name, Abyssinia Soccer Club, as his own." Aleme also states that, since he joined the Oregon Ethiopian Community Organization in 1990, plaintiff has had a soccer team called the Abyssinia Soccer Club, and that plaintiff has "continued to field a soccer team year after year that we referred to as the Abyssinia Soccer Club."

Defendants move to strike this affidavit on the grounds that plaintiff failed to designate Aleme, pursuant to Fed. R. Civ. P. 30(b)(6), as one of the persons most knowledgeable concerning the allegations in plaintiff's first amended complaint. Defendants note that they deposed Demissie, who plaintiff designated as its representative with the most knowledge of those issues, and filed a motion for summary judgment based upon his deposition testimony. Defendants

assert that they would have deposed Aleme if they had known that he was plaintiff's representative or "an additional representative of OECO . . . ."  Defendants contend that they are prejudiced by plaintiff's failure to produce Aleme for deposition, because they could not reply to his affidavit before the scheduled hearing on the motion for summary judgment.

In the alternative to the motion to strike, defendants request leave of the court to take Aleme's deposition and to submit a supplemental reply memorandum in support of their motion for summary judgment.

If Aleme's affidavit raised issues of material fact that rendered the granting of defendants' motion for summary judgment inappropriate, I would at least grant defendants' alternative motion to allow the taking of Aleme's deposition. Defendants' notice of deposition clearly stated that, if more than one person was "most knowledgeable" about allegations in plaintiff's first amended complaint, plaintiffs were to have more than one person attend the deposition.

Obviously, only one person can be "most knowledgeable" about any particular allegation.  However, different persons could be "most knowledgeable" as to different allegations, and defendants' notice of deposition was clearly intended to address that possibility.  Plaintiff's first amended complaint included significant allegations that, since 2003, plaintiff

regularly and continuously used the name "Abyssinia Soccer Club" in commerce, that plaintiff "has extensively used, advertised, and promoted the name Abyssinia Soccer Club," and that nonprofit corporations and community organizations recognized that services provided under that name came from plaintiff.  If Aleme's statements are true, it is obvious that Demissie, who plaintiff designated as the appropriate deponent, was not the person most knowledgeable about those allegations.

Nevertheless, I conclude that Aleme's affidavit should not be striken, because the taking of his affidavit would only cause the parties to needlessly incur additional litigation expenses.  This is so because, as discussed below, defendants are entitled to summary judgment even if Aleme's affidavit is considered.

II. <u>Motion for Summary Judgment</u>

Defendants contend that they are entitled to summary judgment because the record establishes that plaintiff abandoned its "alleged" service mark, plaintiff's claims are barred by laches, and plaintiff's claims are barred by ORS § 12.115(1).  For the reasons below, as to the first two of these arguments, I agree.

A.  <u>Standards for Evaluating Motions for Summary Judgment</u>

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  The moving party must show the absence of an issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  The moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's case.  <u>Id.</u>  When the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and show that there is a genuine issue for trial.  <u>Id.</u> at 324.

The substantive law governing a claim or defense determines whether a fact is material.  <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987).  Reasonable doubts concerning the existence of a factual issue should be resolved against the moving party.  <u>Id.</u> at 630-31.  The evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in the nonmoving party's favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1985).  No genuine issue for trial exists, however, where the record as a whole could not lead the trier of fact to find for the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

B. <u>Abandonment of Mark</u>

Under Or. Rev. Stat. § 647.005(3), a mark is deemed to be abandoned "[w]hen its use has been discontinued with intent not to resume."  Abandonment is further defined as follows:

> Intent not to resume may be inferred from the circumstances.  Nonuse for two consecutive years shall be prima facie evidence of abandonment. "Use" of a mark means the bona fide use of that mark made in the ordinary course of trade and not made merely to reserve a right in the mark . . . .

The parties have cited, and I have found, no reported decisions of Oregon courts addressing abandonment of a mark.  Therefore, in interpreting this section, I will look to decisions of federal courts addressing similar provisions of federal law.

The definition of abandonment set out in the Lanham Act, 15 U.S.C. § 1051 <u>et seq.</u>, is very similar to that found in Oregon law.  Under the Lanham Act, a mark is deemed to be abandoned when

> its use has been discontinued with intent not to resume such use.  Intent not to resume may be inferred from circumstances.  Nonuse for three consecutive years shall be prima facie evidence of abandonment.  "Use" of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark. 15 U.S.C. § 1127.

As noted above, "use" of a mark means bona fide use in the ordinary course of trade.  Trademarks must be used continuously in order to remain valid, <u>L.A. Gear, Inc. v. E.S. Originals, Inc.</u>, 859 F. Supp. 1294, 1299 (C.D. Cal. 1994), and employment

of marks in minor activities, such as non-commercial uses, is
not sufficient to negate abandonment. Silverman v. C.B.X.,
Inc., 870 F.2d 40, 47-48 (2d Cir. 1989).

If a defendant establishes a trademark holder's nonuse of
a mark, a rebuttable presumption of abandonment is created.
Abdul-Jabbar v. General Motors Corp., 85 F.3d 407, 411 n. 4
(9th Cir. 1996).   One claiming a right in a mark may rebut the
presumption of abandonment "by showing valid reasons for nonuse
or lack of intent to abandon the mark." Id. at 411 (citing
Star-Kist Foods, Inc. v. P.J. Rhodes & Co., 769 F.2d 1393, 1396
(9th Cir. 1985)).   A mark that is not used "may not be held in
abeyance by its original owner." Id.

In applying these principles to the present action, I
first note that plaintiff registered the trade name "Abyssinia
Soccer Club" with the Oregon Secretary of State in 1994, and
had a team that played in a city league that year.  Plaintiff's
team did not play in the Federation tournament that year, and
defendant Gessesse did have a team called the "Abyssinia Soccer
Club," which played at the Federation's tournament that year.
In 1995, Demissie coached plaintiff's soccer team.  However,
plaintiff's team did not participate in the Federation's
tournament that year, and Demissie cannot recall whether
plaintiff's team played in any leagues that year.

A careful review of the record discloses the existence of
no evidence supporting the conclusion that plaintiff actively

employed the name "Abyssinia Soccer Club," in association with a soccer club that it fielded between 1996 and 2003, in a manner that is consistent with the term "use" of a mark as defined in state and federal law.[1]  There is likewise no evidence that, after plaintiff obtained the registration in 1994, plaintiff ever used the mark for the purposes indicated in the registration application.  Though plaintiff's team wore shirts bearing an "Abyssinia" insignia at one time, there is no evidence that these were worn after the 1994-95 season.  There is no evidence that plaintiff ever had shirts with the "Abyssinia Soccer Club" name, and there is no evidence that plaintiff used the "Abyssinia Soccer Club" mark on any t-shirts, signs, or socks at any time between 1996 and the present.

Defendants have used the name "Abyssinia Soccer Club" since at least 1990, and defendant Gessesse has taken an "Abyssinia Soccer Club" team to the Federation's annual soccer tournament, and has acted as that club's representative at the Federation's annual meetings, since that time.  Though plaintiff has known of defendants' use of the name "Abyssinia Soccer Club" since at least 1992 or 1993, and threatened to bring a trademark infringement action against defendant

---

[1]Though Aleme's affidavit states that plaintiff had a soccer team since 1990 to the present which members of plaintiff's organization referred to as the "Abyssinia Soccer Club," there is no evidence that plaintiff fielded a team known to those outside the organization by that name after 1995.

Gessesse in 1994, it did not bring an infringement action until 2006, and did not formally ask or warn Gessesse not to use the allegedly infringing mark again between 1994 and the filing of the present action.

Plaintiff did not renew its registration for the "Abyssinia Soccer Club" name when the registration expired in 1999.  After Demissie registered the "Abyssinia Soccer Club" mark in September, 2003, plaintiff informed the Federation that it had reorganized the "Portland Ethiopian Community Soccer Team" in a letter that also referred to plaintiff's team as the "Portland Community Soccer Team."  The letter did not refer to the team as the "Abyssinia Soccer Club."

This record will support only the conclusion that defendants have established a prima facie case of plaintiff's abandonment of the "Abyssinia Soccer Club" mark by failing to use the mark for more than two years in the "ordinary course of trade."  Plaintiff simply cannot show the existence of evidence from which a reasonable trier of fact could conclude that it "used" the "Abyssinia Soccer Club" mark, within the meaning of relevant statutes, during the time in question.  It likewise has not produced evidence rebutting the substantial prima facie evidence that it abandoned the mark, because it has not shown valid reasons for nonuse or lack of its intent to abandon the mark.  The evidence here supports only the conclusion that, having failed to regularly "use" the mark within the meaning of

the relevant statute after registering it in 1994, and having allowed the registration to expire, plaintiff registered the "Portland-Abyssinia Soccer Club" and "Abyssinia Soccer Club Portland" as non-profit corporations in an attempt to keep defendants from using the "Abyssinia Soccer Club" name.  At the time it did so, defendants had been using the name regularly and continuously for more than ten years.  Though plaintiff argues that it did not bring an infringement action earlier because it lacked the financial resources to do so, there is no evidence that using the mark commercially in the manner specified in the registration application would have been beyond its means.  Plaintiff could have "used" its mark in a manner that would have established the lack of intent to abandon it without bringing an action against defendants earlier.

Nor did plaintiff's re-registration of the "Abyssinia Soccer Club" name in 2003 cure the earlier abandonment.  As this court noted in an earlier decision, after a mark has been abandoned, "subsequent use does not retroactively cure its past abandonment."  Societe de Development et D'Innovations des Marches Agricoles v. International Yogurt Co., Inc., 662 F. Supp. 839, 850 (D. Or. 1987).

C. Laches

Defendants contend that plaintiff's claims are also barred by laches. A laches defense is established by showing that a plaintiff unreasonably delayed in filing an action, and that the defendant suffered prejudice as a result of the delay. Tillamook County Smoker, Inc. v. Tillamook County Creamery Ass'n, 311 F. Supp. 2d 1023, 1030 (D. Or. 2004) aff'd, 465 F.3d 1102 (9th Cir. 2006).

In determining whether a plaintiff unreasonably delayed bringing a federal claim pursuant to the Lanham Act, the relevant period of delay is the time between when the plaintiff knew or should have known of the defendant's allegedly infringing conduct, and the time the action was filed. Id. at 1032. Where a plaintiff has filed the action outside of "the most closely analogous statute of limitations under state law," a strong presumption of laches arises. Tillamook County Smoker, Inc. v. Tillamook County Creamery Ass'n, 465 F.3d 1102, 1108 (9th Cir. 2006).

In analyzing the laches defense, I conclude that Oregon's two-year statute of limitations for bringing most tort claims is most analogous to plaintiff's infringement claim.

As noted above, Demissie has testified that plaintiff's main goal in bringing the present action was to obtain a determination as to whether defendants are entitled to a seat on the Federation and the right to field a team at the

FINDINGS AND RECOMMENDATION - 20

Federation's annual tournaments, and Aleme has averred that he told defendant Gessesse to stop using the "Abyssinia Soccer Club" name every year since 1994. Plaintiff's letter to the Federation dated April 23, 1994, establishes that plaintiff knew at that time that defendants were using the "Abyssinia Soccer Club" name and were sending a team to the Federation's annual tournaments, and the record establishes that plaintiff knew of this conduct from that time until it brought this action in 2006. Under the circumstances of this approximately 12-year delay between plaintiff's knowledge of the alleged infringement and the filing of this action, the record supports only the conclusion that defendants have established that plaintiff unreasonably delayed the filing of this action.

Based upon the record before the court, a reasonable trier of fact could likewise conclude only that this delay is prejudicial to defendants. During the many years that plaintiff delayed in bringing an action, defendant Gessesse has continued to pay all team expenses from his own funds, with only limited reimbursement from the Federation. The unrebutted evidence before the court demonstrates that defendant Gessesse generally spends between $12,000 and $15,000 per year to pay the Federation membership fees, tournament entry fees, travel and lodging expenses, meals, and uniforms for an "Abyssinia Soccer Club" team. The question is not whether Gessesse's work with that club is economically profitable, but whether Gessesse

has incurred expenses that he might not have incurred in
fielding a team known as the "Abyssinia Soccer Club" if
plaintiff had brought this litigation earlier.  Regardless of
whether defendants would have retained the right to play in the
Federation's tournament even if plaintiff had brought a timely
action to defend the "Abyssinia Soccer Club" trademark,
defendants would not have invested substantial efforts and
resources in fielding a team under that name if plaintiff had
successfully litigated its current claims earlier.  Defendant
Gessesse would not have devoted substantial time and money to
training and fielding an "Abyssinia Soccer Club" for more than
a decade if plaintiff had successfully protected the mark
earlier.  After supporting and promoting an "Abyssinia Soccer
Club" for this long period, the loss of the team name at this
time would be more acute.


D. Statute of Ultimate Repose

     Oregon's statute of ultimate repose provides that

          In no event shall any action for negligent
          injury to person or property of another be
          commenced more than 10 years from the date
          of the action or omission complained of.

     Defendants concede that "plaintiff's claims do not lie in
negligence," but contend that plaintiff's claims "are
comparable to a tort claim."  Though I do not find this
contention convincing, I need not and do not reach this issue

because defendants are entitled to summary judgment on the other grounds discussed above.

## CONCLUSION

Defendants' motion for summary judgment (#43) should be GRANTED.  Defendants' motion to strike the affidavit of Aleme (#59-1) and alternative motion for leave to take Aleme's deposition (#59-2) are DENIED.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due June 15, 2007.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 30th day of May, 2007.

/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION - 23